IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MARIA CORTEZ,**<br>　　14217 Birchdale Avenue<br>　　Woodbridge, Virginia 22193<br><br>and<br><br>**ANA CORTEZ,**<br>　　P.O. Box 8033<br>　　Woodbridge, Virginia 22195<br><br>　　　　**PLAINTIFFS,**<br><br>v.<br><br>**CLEANNET U.S.A., INC.,**<br>　　2010 Corporate Ridge, Suite 700<br>　　McLean, Virginia 22102<br>Serve Registered Agent:<br>　　Incorporating Services, LTD<br>　　7288 Hanover Green Drive<br>　　Mechanicsville, Virginia 23111<br><br>and<br><br>**CLEANNET OF BALTIMORE**<br>**WASHINGTON, INC.,**<br>　　2010 Corporate Ridge, Suite 700<br>　　McLean, Virginia 22102<br>Serve Registered Agent:<br>　　National Registered Agents, Inc. of MD<br>　　351 West Camden Street<br>　　Baltimore, Maryland 21201<br><br>　　　　**DEFENDANTS.** | Case No. _____ |

## COMPLAINT

COME NOW your Plaintiffs, MARIA CORTEZ and ANA CORTEZ (collectively "Plaintiffs"), by counsel, and bring their complaint against Defendants, CLEANNET U.S.A.,

1

INC. and CLEANNET OF BALTIMORE WASHINGTON, INC. (collectively, "Defendants" or "CleanNet") as follows:

## NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay wages and overtime compensation for hours worked by Plaintiffs and under the Virginia Minimum Wage Act ("VMWA") § 40.1-28.8 *et seq.* of the Code of Virginia and the Virginia Payment of Wage Law ("VPWL") § 40.1-29 of the Code of Virginia.

2. This action arises from Plaintiffs' damages caused by Defendants' conversion and fraud in inducing Plaintiffs to purchase a fictitious franchise, failure to pay wages due for cleaning services performed, unauthorized deductions from Plaintiffs and breach of contract.

3. Defendants failed to pay Plaintiffs minimum wages for all time worked in violation of the FLSA, VMWA and VPWL. Defendants failed to pay Plaintiffs wages for all hours worked over forty (40) in individual workweeks in violation of the FLSA, VMWA and VPWL. Failure to pay Plaintiffs for all time worked at a rate agreed to by the Parties.

4. Defendants breached contracts, converted funds, and committed fraud by representing that certain companies existed, and by inducing Plaintiffs to pay money and sign false promissory notes while giving nothing in exchange and charging Plaintiffs additional sums.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

7. Plaintiff, Maria Cortez ("Plaintiff Maria"), is a natural person who resides within the Commonwealth of Virginia and within this judicial district. At all relevant times, Plaintiff Maria has been an "employee" of Defendants as defined by the FLSA, VMWA and VPWL.

8. Plaintiff, Ana Cortez ("Plaintiff Ana"), is a natural person who resides within the Commonwealth of Virginia and within this judicial district. At all relevant times, Plaintiff Ana has been an "employee" of Defendants as defined by the FLSA, VMWA and VPWL.

9. Defendant, CleanNet, U.S.A., Inc. ("CleanNet USA") is a corporation organized under the laws of the Commonwealth of Virginia and maintains an office at 2010 Corporate Ridge, Suite 700, McLean, Virginia, which is within this judicial district. CleanNet USA has conducted business within this judicial district. CleanNet USA has sold "franchises" to Plaintiffs requiring Plaintiffs to sign standard-form contracts. CleanNet USA is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales of business done exceeds $500,000, exclusive of excise taxes. CleanNet USA has two or more employees that have handled goods that have moved in interstate commerce. CleanNet USA has jointly been Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VPWL.

10. Defendant, CleanNet of Baltimore Washington, Inc. ("CleanNet BW") is a corporation organized under the laws of the State of Maryland with its principal place of business at 9861 Broken Land Parkway, Suite 208, Columbia, Maryland 21046. CleanNet BW has conducted business within this judicial district. CleanNet BW has sold "franchises" to Plaintiffs requiring Plaintiffs to sign standard-form contracts. CleanNet BW is an "enterprise" as

defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an "enterprise" engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales of business done exceeds $500,000, exclusive of excise taxes. CleanNet BW has two or more employees that have handled goods that have moved in interstate commerce. CleanNet BW has jointly been Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VPWL.

## FACTUAL ALLEGATIONS

### CleanNet Uses Unfair and Deceptive Business Practices

11. At all times alleged herein, Plaintiffs have not been indebted to CleanNet.

12. CleanNet operates under unfair and deceptive business practices. CleanNet offers cleaning "franchises" to individuals, for which the individuals enter into cleaning franchise agreements with Defendants and pay thousands of dollars to Defendants.

13. In exchange for Plaintiffs paying thousands of dollars and entering into a "franchise agreement" with CleanNet, CleanNet claims it will provide these individuals the opportunity to perform janitorial cleaning work for CleanNet's clients.

14. During all relevant times, CleanNet retained complete control over the "franchisees" and "franchises".

15. CleanNet, finds, determines and enters into all contracts with CleanNet cleaning customers. Plaintiffs are not able to negotiate the terms of the "franchise agreement" or any of the terms with CleanNet's clients, including days of cleaning, cost of cleaning, services provided, costs of equipment and cleaning supplies, or labor costs.

16. CleanNet signed and signs all agreements with the cleaning clients, controlled and controls the relationships between CleanNet's cleaning clients and Plaintiffs, the hours and work performed by the Plaintiffs, and the products and services provided by the Plaintiffs.

4

17. CleanNet determines the prices for the cleaning services offered by its cleaning workers, determines and chooses which cleaning accounts to offer to which cleaning workers, can and does remove cleaning accounts from Plaintiffs and its cleaning workers, without any notice and without any opportunity to remedy any issues that may exist; CleanNet determines the cleaning equipment supplies to be used, the types of regular and specialized cleaning services, the methods of operations, including the work performed, conditions of employment, managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time, and other employment records as well as centralized billing, bookkeeping, and accounting methods.

18. CleanNet requires that Plaintiffs purchase cleaning products directly from them and either charges the Plaintiffs or deducts the supplies from their wages. CleanNet does not allow Plaintiffs to purchase cleaning supplies and products from other sources, even if Plaintiffs can buy the exact products for less money.

19. Plaintiff Maria paid CleanNet for an alleged franchise of their company.

20. Plaintiff Maria does not recall signing any franchise agreement and has never been provided a franchise agreement, even after multiple requests to CleanNet for a copy.

21. Plaintiff Ana has never paid CleanNet for a franchise nor has she entered into a franchise agreement with CleanNet. Plaintiff Ana has worked for CleanNet through Plaintiff Maria's "franchise".

22. Plaintiffs primarily speak Spanish and have limited fluency in English. However, the "franchise agreements" and "CleanNet USA Franchise Disclosure Document for Use in District of Coulmbia[sic], Virginia and West Virginia" are extensive documents in excess of 40 pages each, full of legal language and available in English only.

23. Plaintiffs discussions and conversations with agents of CleanNet about the franchise agreements, documents, and terms of employment were in Spanish, but with Plaintiffs limited fluency of English, they were never able to review the documents to determine whether the oral representations provided were true and accurate representations of the documents. Plantiffs have limited to no fluency in reading English and the documents were never provided to them by CleanNet in their native and understood language of Spanish.

24. Upon information and belief, CleanNet targets and victimizes Spanish speakers and individuals with limited fluency in English.

25. CleanNet misrepresented to the Plaintiffs through express misrepresentations and omissions of material fact.

26. CleanNet misrepresented to the Plaintiffs that the "franchises" were franchises and profitable businesses, when in fact, Plaintiffs were merely employees of CleanNet responsible for extensive costs, insurance, and taxes that CleanNet charged or passed on to the Plaintiffs through CleanNet's fraudulent business practices.

27. CleanNet made false representations to the Plaintiffs about the availability of work and hid additional costs and expenses passed on to the Plaintiffs at CleanNet's discretion.

28. CleanNet periodically and regularly removed clients from the Plaintiff's work schedules without advance notice and continually, fraudulently, and wrongfully deducts excessive fees from the Plaintiffs' wages for a specific job, based on invalid or disproved claims of tardiness, uncleanliness, and failures to appear at job sites, when the Plaintiffs performed the work as required.

29. CleanNet informed Plaintiffs that they would have control over their clients, their work schedules, and their accounts, as if they are true franchise. However, CleanNet never

provides this control to the Plaintiffs and maintains control over all aspects of the jobs, as outlined in this Complaint.

30. CleanNet does not allow Plaintiffs to provide cleaning services for any clients who have not signed agreements directly with CleanNet, disallowing Plaintiffs to obtain customers of their own choosing.

31. CleanNet further deducts money from Plaintiffs' pay, when a client does not pay CleanNet or a client complains that work was not performed or preformed inadequately or the Plaintiff arrived late, whether such accusations are true or not. CleanNet does not allow Plaintiffs to address these concerns or deductions and does not allow for an administrative or other remedy to allow Plaintiffs the ability to retain or receive payment for deductions wrongfully taken from them.

**CleanNet's Workers are Employees and Not Independent Contractors**

32. The above-paragraphs are re-alleged herein.

33. CleanNet improperly designated Plaintiffs as franchises, franchisees, and independent contractors, when Plaintiffs were actually CleanNet's employees.

34. At all relevant times, Plaintiffs provided cleaning services to CleanNet's clients within CleanNet's usual course of business.

35. At all relevant times, CleanNet maintained and exercised complete control over the management of Plaintiffs' jobs, including schedules, clients, products and services to be used and performed, and the manner in which the work was to be completed and when. CleanNet maintained that Plaintiffs were not allowed to assign their work to others.

36. At all relevant times, CleanNet maintained and exercised complete control of the Plaintiffs' bookkeeping and financial aspects of Plaintiffs' work.

37. At all relevant times, Plaintiffs performed work exclusively for CleanNet's clients and performed their work under the name of CleanNet and not their independent businesses that CleanNet required they obtain.

38. CleanNet's control over Plaintiffs constitutes an employer and employee relationship; however, based on CleanNet's agreements and classification of Plaintiffs as independent contractors, the Plaintiffs never received the benefits appropriate and legally the right of an employee, such as tax deductions from income, full wages for all hours worked, not having to file and prepare paperwork and pay expenses of running a business, no improper deductions from pay, and more.

## CLAIMS FOR RELIEF

### COUNT I
*Conversion of Plaintiff Maria's Funds*

39. Defendants have wrongfully held title to funds paid to CleanNet by Plaintiff Maria, and continue to exercise dominion over those funds without Plaintiff Maria's consent, thereby depriving Plaintiff Maria of ownership and possession of those funds.

40. Defendants have withheld title and possession of those funds in violation of Plaintiff Maria's right as owner of the funds paid to the CleanNet business for a franchise.

41. Defendants have withheld title and possession of those funds in violation of Plaintiff Maria's right as owner of the funds paid to the CleanNet business by CleanNet's clients for work performed by Plaintiff Maria.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count I as follows:

    i.    Compensatory damages to Plaintiffs in the aggregate amount of $13,377.40, or $10,300.00 for Plaintiff Maria Cortez, or $3,077.40 for Plainiff Ana Cortez;

    ii.    The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

    iii.    Other relief this Court deems just and proper.

## COUNT II
*Conversion of Plaintiff Ana's Funds*

42. Defendants have wrongfully held title to funds paid to CleanNet by Plaintiff Ana, and continue to exercise dominion over those funds without Plaintiff Ana's consent, thereby depriving Plaintiff Ana of ownership and possession of those funds.

43. Defendants have withheld title and possession of those funds in violation of Plaintiff Ana's right as owner of the funds paid to the CleanNet business for a franchise.

44. Defendants have withheld title and possession of those funds in violation of Plaintiff Ana's right as owner of the funds paid to the CleanNet business by CleanNet's clients for work performed by Plaintiff Ana.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendant as to Count II as follows:

    i.    Compensatory damages to Plaintiffs in the aggregate amount of $13,377.40, or $10,300.00 for Plaintiff Maria Cortez, or $3,077.40 for Plaintiff Ana Cortez;

ii. The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

iii. Other relief this Court deems just and proper.

## COUNT III
*Violation of the FLSA – Minimum Wages*

45. The foregoing paragraphs are re-alleged herein.

46. Defendants violated the FLSA for Defendants' failure to pay Plaintiffs for all time worked, which resulted in being paid less than the federally required minimum wage.

47. Defendants violated the FLSA for Defendants' failure to pay Plaintiffs at least the federal minimum wage rate for all time worked.

48. Plaintiffs were directed to work and did work, but were not paid at least the federal minimum wage rate for all time worked.

49. Plaintiffs were and are entitled to compensation at least at the federal minimum wage rate pursuant to the FLSA.

50. Plaintiffs are entitled to recover unpaid wages for up to three (3) years prior the filing of this suit, because Defendants' failure to pay at least the federal minimum wage rate was a willful violation of the FLSA.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count III as follows:

i. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiffs;

    ii.    Liquidated damages in the amount equal to the unpaid minimum wages;

    iii.    That the Court declare the Defendants violated the FLSA;

    iv.    That the Court enjoin Defendants from violating the FLSA;

    v.    Reasonable attorneys' fees and costs of this action as provide by the FLSA; and

    vi.    Such other and further relief as this Court deems just and proper.

## COUNT IV
*Violation of the FLSA – Overtime Wages*

51. The foregoing paragraphs are re-alleged herein.

52. Defendants violated the FLSA for Defendants' failure to pay Plaintiffs time and a half their regular rate of pay for all time worked in excess of forty (40) hours in an individual work week.

53. Defendants failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

54. Plaintiffs were directed to work and did work, in excess of forty (40) hours in individual work weeks in the three (3) years prior to the Plaintiffs filing this lawsuit.

55. Plaintiffs were not exempt from the overtime provisions of the FLSA.

56. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

57. Plaintiffs were and are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit, because Defendants' violation of the FLSA was willful.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count IV as follows:

    i. A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual work weeks;

    ii. Liquidated damages in the amount equal to the unpaid wages;

    iii. That the Court declare the Defendants violated the FLSA;

    iv. That the Court enjoin Defendants from violating the FLSA;

    v. Reasonable attorneys' fees and costs of this action as provide by the FLSA; and

    vi. Such other and further relief as this Court deems just and proper.

## COUNT V
*Violation of the VMWA - Minimum Wages*
*Virginia Code § 40.1-28.8*

58. The foregoing paragraphs are re-alleged herein.

59. Defendants violated the VWMA for Defendants' failure to pay Plaintiffs for all time worked, which resulted in being paid less than the Virginia-mandated minimum wage.

60. Defendants violated the VWMA for Defendants' failure to pay Plaintiffs at least the Virginia-mandated minimum wage rate for all time worked.

61. Plaintiffs were directed to work and did work, but were not paid at least the Virginia-mandated minimum wage rate for all time worked.

62. Plaintiffs were and are entitled to compensation at least at the Virginia-mandated minimum wage rate pursuant to the VWMA.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count V as follows:

  vii. A judgment in the amount of all minimum wages due to Plaintiffs;

  i. Statutory damages for Plaintiffs;

  ii. That the Court declare the Defendants violated the VWMA;

  iii. That the Court enjoin Defendants from violating the VWMA;

  iv. Reasonable attorneys' fees and costs of this action as provide by VWMA; and

  v. Such other and further relief as this Court deems just and proper.

## COUNT VI
*Violation of the VPWL - Unpaid Wages*
*Virginia Code § 40.1-29*

63. The foregoing paragraphs are re-alleged herein.

64. Defendants violated the VPWL for Defendants' failure to pay Plaintiffs wages earned for all time worked at the rate agreed to by the parties.

65. During the course of their employment with Defendants, Plaintiffs had an agreement within the meaning of the VPWL to be compensated for all hours worked at an agreed upon rate.

66. Defendants had a practice of not paying Plaintiffs all compensation at the rate agreed to by the parties, including:

  a. Defendants failed to compensate Plaintiffs work completed if the Defendants' customers did not pay Defendants; and

13

     b. Defendants failed to provide Plaintiffs with a sufficient amount of work to reach the agreed upon amount of compensation each month.

67. Plaintiffs were and are entitled to be paid for all time worked at the rate agreed to by the parties.

68. Plaintiffs are entitled to recover owed wages.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendants as to Count VI as follows:

    i. A judgment in the amount of all back wages due to Plaintiffs;

    ii. Statutory damages for Plaintiffs as provided by the VPWL;

    iii. That the Court declare the Defendants violated the VPWL;

    iv. That the Court enjoin Defendants from violating the VPWL;

    v. Reasonable attorneys' fees and costs of this action as provide by VPWL; and

    vi. Such other and further relief as this Court deems just and proper.

### COUNT VII
*Violation of the VPWL – Unlawful Deductions*
*Virginia Code § 40.1-29*

69. The foregoing paragraphs are re-alleged herein.

70. Defendants violated the VPWL for Defendants' practice of making unlawful deductions from Plaintiffs' earned wages.

71. During the course of their employment with Defendants, Plaintiffs had an agreement within the meaning of the VPWL to be compensated for all hours worked at an agreed upon rate.

72. Defendants had a practice of making unlawful deductions from Plaintiffs' earned wages without authorization from Plaintiffs. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

73. Defendants' practice of making unlawful deductions from Plaintiffs.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendant as to Count VII as follows:

    vii. A judgment in the amount of all back wages due to Plaintiffs;

    viii. Statutory damages for Plaintiffs as provided by the VPWL;

    ix. That the Court declare the Defendants violated the VPWL;

    x. That the Court enjoin Defendants from violating the VPWL;

    xi. Reasonable attorneys' fees and costs of this action as provide by VPWL; and

    xii. Such other and further relief as this Court deems just and proper.

## Count VIII
### *Breach of Contract*

74. The foregoing paragraphs are re-alleged herein.

75. Plaintiff Maria and Plaintiff Ana do not recall signing agreements with CleanNet, but in the event a Contract is determined to exist between CleanNet and Plaintiff Maria and Plaintiff Ana, they allege a breach of contract exists.

76. CleanNet agreed to pay Plaintiffs a specific amount of money for each location cleaned by Plaintiffs, in accordance with each location's contract with CleanNet.

77. CleanNet improperly charged Plaintiffs and improperly deducted fees from Plaintiffs' pay resulting in a failure to pay Plaintiffs for all of the work that they performed.

78. Plaintiffs were damaged by CleanNet's failure to pay all amounts due to them under each location's contract.

WHEREFORE, your Plaintiffs respectfully request this Honorable Court grant judgment in Plaintiffs' favor against Defendant as to Count VIII and award them the following relief:

    i. Compensatory damages to Plaintiffs in the aggregate amount of $13,377.40, or $10,300.00 for Plaintiff Maria Cortez, or $3,077.40 for Plaintiff Ana Cortez;

    ii. The cost of this action, including court costs and attorney's fees, as allowed under the Purchase Agreements and as otherwise allowable under law; and

    iii. Other relief this Court deems just and proper.

## JURY DEMAND

79. Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully Submitted,

MARIA CORTEZ and ANA CORTEZ
By Counsel

FIRSTPOINT LAW GROUP P.C.

/s/ Katherine Martell
Katherine Martell, VSB 77027
David J. Lloyd, VSB 89359
10615 Judicial Drive, Suite 101
Fairfax, VA 22030
Tel: 703-385-6868
Fax: 703-385-7009
kmartell@firstpointlaw.com
dlloyd@firstpointlaw.com